FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA 01 JAN -8 AM 10: 12
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| EMMITT WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 99-PT-1816-M |
| | ) | |
| MICHAEL HALEY, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

JAN 8 2001

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on September 5, 2000,
recommending that the defendants' motion for summary judgment be granted and this cause be
dismissed with prejudice. Plaintiff filed objections on November 14, 2000.

Plaintiff is a convicted prisoner in the custody of the Alabama Department of Corrections.
In his complaint, plaintiff asserted a denial of adequate medical care claim and also complained, in
the most general of terms, that he is being charged a medical co-payment of $3.00 each time he is
seen in the institutional infirmary. The magistrate judge addressed the allegations concerning the
medical co-payment as an Eighth Amendment claim and found that plaintiff had failed to state a
claim upon which relief could be granted on that basis. Report and Recommnedation (Document
#29) at 6-7. In his objections, plaintiff states that he did not raise the medical co-payment claim as
an Eighth Amendment claim, but as a deprivation of property claim. Objections (Document #34)
at 2.

35

In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court stated:

> We hold that an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the due process requirements of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.

*See also Parratt v. Taylor*, 451 U.S. 527 (1981). In the present case, it is clear that the plaintiff has not been deprived of property without due process of law because he had a legal means whereby he could be heard on his claim. Sections 41-9-60 to 41-9-74 of the *Alabama Code* provide for the State Board of Adjustment to consider claims against the state or its agents. Clearly, plaintiff could have pursued his claim before the Board of Adjustment. Further, if the Board of Adjustment had denied the claim, he could have pursued his claim in state court. *See Carmichael v. State Board of Adjustment*, 32 So.2d 216 (1947). Since plaintiff had meaningful post-deprivation remedies available to him, he has not stated a claim for the violation of his rights to due process. Consequently, plaintiff's claim that he has been deprived of property without due process is due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 8th day of January 2001.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE